UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6230-CR-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA )
)
)
)
v. )
)
ALDIN WILSON, et al., )
)
    Defendants. )
_____)

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.  1.  Audio recordings of statements made by the defendants are being provided with this Response to the Standing Discovery Order to Irwin Lichter, Esquire, counsel for defendant Aldin Wilson. In total, forty-six (46) audio tapes are being provided. Arrangements to copy these audio recordings should be made with Mr. Lichter. Draft transcripts of some of these audio tapes are being provided with this Response to Mr. Lichter. It is anticipated that additional transcripts of those



recordings which the Government intends to introduce at trial will be forthcoming. Three video tapes (one dated June 6, 2000 and two dated August 9, 2000) containing recordings of the defendants are also being provided to Mr. Lichter. Arrangements to copy these video tapes should be made with Mr. Lichter. Transcripts of the audio portions of these videotapes will be provided once they are received by the undersigned.

2. That portion of the written record containing the substance of any oral statement made by a defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

3. No defendant testified before the Grand Jury.

4. The NCIC record of each defendant is attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Seventh Floor, Fort Lauderdale, Florida 33301. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B. **DEMAND FOR RECIPROCAL DISCOVERY**: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or

2

        material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

      In addition, the government may introduce under Rule 404(b) evidence underlying a defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.    The defendants are not aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    The government will, upon defense request, deliver

3

to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband *which is the subject of this indictment* to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.  The government does not know of any automobile, vessel, *or* aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  To date, the government has not received a request *for disclosure of the subject-matter of expert testimony* that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference to be scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The attachments to this response are numbered pages 1-142. These attachments have not been filed with the Court. Please

4

contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
KATHLEEN RICE
Assistant United States Attorney
Florida Bar No. 100765
500 East Broward Blvd., 7th Floor
Fort Lauderdale, FL 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

cc: Special Agent Tom Redpath, DEA

5

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 1st day of September, 2000 to: Irwin Lichter, Esquire, 321 NE 26th Street, Miami, Florida 33137-4724; Martin L. Roth, Esquire, 1001 Brickell Bay Drive, Suite 1704, Miami, Florida 33131; Stephen H. Rosen, Esquire, Suite 550, 999 Ponce de Leon Boulevard, Coral Gables, Florida 33134; Richard Docobo, Esquire, 1101 Brickell Avenue, Suite 1801, Miami, Florida 33131; Nathan P. Diamond, Esquire, 1221 Brickell Avenue, Suite 1020, Miami, Florida 33131; and Junior Farquharson, Esquire, 5546 West Oakland Park Boulevard, Suite 220, Fort Lauderdale, Florida 33313.

                                           KATHLEEN RICE
                                           Assistant United States Attorney