IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ALDIN WILSON,              :
        Petitioner,        :          C.A. No. CIV-DIMITROULEAS
    vs.                    :
                                      MAGISTRATE JUDGE
UNITED STATES OF AMERICA,  :          SELTZER
        Respondent.        :

03-60707

APPLICATION FOR WRIT OF HABEAS CORPUS
PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255
WITH SUPPORTING MEMORANDUM

Name: Aldin Wilson

Prisoner No.: 55421-004

Case No.: 00-6230-CR-WPD

Place of Confinement: Low Security Correctional Institution at Allenwood, Pennsylvania.

1. Name and location of court which entered judgment of conviction and sentence: The Honorable William P. Dimitrouleas, United States District Judge.

2. Date of judgment of conviction: 12/01/00

3. Length of Sentence: 87 months

4. Nature of Offense: Conspiracy to import marijuana

5. What was your plea? Guilty

6. Kind of trial? N/A

7. Did you testify at trial? N/A

8. Did you appeal the judgment of conviction? Yes

9. If you did appeal, answer the following:

(a) Name of Court: Court of Appeals for the Eleventh Circuit

(b) Result: Conviction and sentence affirmed

(c) Date of result: May 2, 2001



10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? Yes

11. If your answer to 10 was "yes," give the following information: Writ of certiorari denied on April 29, 2002.

12. Ground for Habeas Corpus

A.  Ground One: Petitioner's Sixth Amendment right to the effective assistance of counsel was violated due to counsel's failure to request a downward departure at sentencing in light of petitioner's definite deportation as an alien defendant and the collateral effects therefrom.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: N/A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack? No

15. Give the name and address of every attorney who represented you in the following stages of the judgment attacked:

(a) Preliminary Hearing: N/A

(b) Arraignment & Plea: Irwin Lichter, Esquire

(c) Trial: N/A

(d) Sentencing: Irwin Lichter, Esquire

(e) Appeal: Irwin Lichter, Esquire

(f) Post-conviction Motion (excluding this one): N/A

(g) Appeal from denial of post-conviction motion: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time? No

17. Do you have any sentence to serve after this one? No

WHEREFORE, Petitioner prays that the court grant him all relief to which he may be entitled in this proceeding.

N/A
_____
Signature of Attorney

## VERIFICATION

Petitioner declares under penalties of perjury pursuant to 28 U.S.C. § 1746 that the facts herein are true, and correct to the best of his knowledge, information and belief.

Dated: 4.2.03

_____
Signature of Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| ALDIN WILSON, | : | |
| | | C.A. No. |
| Petitioner, | : | |
| vs. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

MEMORANDUM OF LAW IN SUPPORT OF
APPLICATION FOR WRIT OF HABEAS CORPUS
PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255

Aldin Wilson, by and through himself ("pro-se"), hereby petitions this Honorable Court to grant the writ of habeas corpus pursuant to 28 U.S.C. § 2255.

I.  STATEMENT OF THE CASE

On December 1, 2000, petitioner, a native of Jamaica W.I. and a Legal Permanent Resident ("LPR")[1] of the United States, was sentenced to 87 months in prison at the conclusion of a sentencing hearing which explored petitioner's proper role assignment in a conspiracy to import approximately 1,700 pounds of marijuana (no role adjustment was applied and thus petitioner was afforded a two level reduction for the safety valve).

At sentencing, the court referred to petitioner's

---

[1] The instant case marked petitioner's first criminal offense.  Petitioner was a tax paying LPR married to a United States citizen and the father of US citizen children.

status as a deportable alien:

> Court:   It will be the judgment of the Court and sentence of law that Mr. Wilson be sentenced to 87 months in prison.
> Upon his release from prison I place him on five years of supervised release. While on supervised release he shall not commit any crimes; he shall be prohibited from possessing a firearm or other dangerous device; he shall not possess any controlled substances.
> **If he is deported,** he shall not reenter the United States without the express condition of the -- without the express permission of the Attorney General. **If he is deported,** the term of supervision shall be non-reporting while he is outside the United States....

(Sent. Tr. at 56)(emphasis added). At no point did counsel petition the court for a downward departure based on his client's definite (not probable) deportation from the United States and the colleral consequences flowing therefrom.[2] Consequently, the court was thus deprived of an opportunity to exercise its discretion in what may have been meritorious grounds for an additional reduction of petitioner's lengthy prison sentence (as compared with the other co-conspirators).

An appeal was taken and the judgment of conviction was affirmed by the Court of Appeals for the Eleventh Circuit on April 29, 2002.

---

[2] Similarly, defense counsel failed to request the low end or the middle of the Sentencing Guidelines for his client. An expected norm amongst defense attorneys!

## II. STANDARD OF REVIEW

The test for ineffective assistance in cases where an attorney fails to request a downward departure and deprives the court of an opportunity to exercise its discretion is whether, in light of all the circumstances of a case, the attorney's acts or ommissions were outside the range of professionally competent assistance. See Strickland v. Washington, 466 U.S. 668 (1984).

## III. POTENTIAL GROUNDS FOR DOWNWARD DEPARTURE BASED ON DEPORTABILITY WHICH COUNSEL FAILED TO RAISE

As an initial matter, alien status and the collateral consequences flowing therefrom may be an appropriate basis for departure in some circumstances. See United States v. Veloza, 83 F.3d 380, 382 (11th Cir. 1996).

### A. Definite Deportation Under AEDPA

On April 24, 1996, Congress passed the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") which amended Section 212(c) of the Immigration and Nationality Act to preclude discretionary waivers of deportation for criminal aliens convicted of drug trafficking offenses. Mayers v. INS, 175 F.3d 1289, 1292 (11th Cir. 1999). Hence, post AEDPA convicted aliens face **definite** deportation upon completion of their drug case sentence irregardless of their substantial equities in the United States. See e.g. INS v. St. Cyr, 533 U.S.___, 150 L.Ed.2d 347, 377 (2001) (recognizing that "there is a clear difference...between facing possible deportation and facing certain deportation").

-3-

Thus, definite (not probable) deportation falls squarely outside the "heartland" contemplated by the Guidelines. Koon v. United States, 518 U.S. 81, 94 (1996).

B.  **Restrictive BOP Environment & Familial Hardship**

Conspiracy to import marijuana is considered an "aggravated felony" by 8 U.S.C. § 1227. As such, petitioner, a LPR, upon sentencing, became a deportable alien. In these circumstances, courts have recognized that a conviction resulting in a defendant's status as a deportable alien is a valid basis for departure. United States v. Farouil, 124 F.3d 838, 847 (7th Cir. 1997); United States v. Charry Cubillos, 91 F.3d 1342, 1344 (9th Cir. 1996); United States v. Smith, 27 F.3d 649, 655 (D.C.Cir. 1994).

This is because the defendant's status as a deportable alien will affect his PSF classification level upon his surrender to the Bureau of Prisons ("BOP"). As such, the defendant's status as a deportable alien will place him in a more restrictive BOP environment than his "heartland" counterpart.  Further, the defendant's deportation would effectively banish him from seeing his family without risking further criminal prosecution and have an extraordinary effect on those innocent family members. See United States v. Gauvin, 173 F.3d 798, 806-07 (10th Cir. 1999)(where the court found that where the defendant supported four young children and the wife was barely able to provide for the children and was at risk of losing custody of her children, a three level departure was warranted under § 5H1.6). But see Beharry v.

-4-

Reno, 183 F.Supp.2d 584 (E.D.N.Y. 2002)(applying international law to immigration proceedings to determine whether alien's removal would create "extreme hardship" on innocent family members, particularly the children).

### C. Consent to Deportation

An alien defendant's consent to deportation is a valid basis for departure. United States v. Galvez-Falconi, 174 F.3d 255 (2nd Cir. 1999); United States v. Cruz-Ochoa, 85 F.3d 325 (8th Cir. 1996).

This is so because an alien defendant's agreement to stipulate to deportation and waive his right to administrative hearings and judicial review alleviates the potentially lengthy and burdensome administrative process, thereby saving the government from expending valuable resources. Id., Falconi at 258-59.

\*           \*

Petitioner acknowledges that the decision to depart or not is soundly within the district court's discretion. See Veloza, supra.

### IV. COUNSEL'S FAILURE TO REQUEST A DOWNWARD DEPARTURE IN LIGHT OF PETITIONER'S DEFINITE DEPORTATION DEPRIVED THE COURT OF AN OPPORTUNITY TO EXERCISE ITS DISCRETION IN PETITIONER'S FAVOR

Under the law, deprivation of an opportunity to have a sentencing court exercise its discretion in a defendant's favor can constitute ineffective assistance of counsel. See e.g. United States v. Castro, 26 F.3d 557 (5th Cir. 1994)(reversal where counsel failed to request judicial recommendation against deportation); United States v. Golden,

854 F.2d 31, 32 (3rd Cir. 1988)(ineffective assistance of counsel may be established where defense counsel failed timely to file a motion for reduction of sentence); Janvier v. United States, 793 F.2d 499 (2nd cir. 1986)(same as Castro, supra).

In the case at bar, after successfully convincing the court that a role adjustment was not warranted, defense counsel allowed the court to impose sentence at the high end of the guidelines (70-87 months) without an objection or a request for departure based on petitioner's status as a deportable alien. Consequently, counsel's omissions deprived the court of an opportunity to exercise its discretion in petitioner's favor.

Significantly, counsel also failed to inform petitioner prior to sentencing of well established "departure laws" based on "alienage" and conduct a proper investigation of applicable immigration laws to thus alert the court and petitioner that there were no possible bars to deportation in petitioner's case given the enactment of AEDPA in 1996. Accordingly, a request for departure should have been made.

Moreover, in the instant case, counsel had absolutely nothing to lose by requesting a downward departure under one or all of the three grounds cited above. Cf. United States v. Sera, 267 F.3d 872, 75 (8th Cir. 2001)(upholding counsel's failure to move for departure based on alienage as "sound strategy" in light of "risk of diverting court's focus" from more significant issue). The court had already ruled favorably

-6-

on the role assignment issue and had expressed uncertainty as to whether or not petitioner would be deported at the end of his sentence.

Nor did counsel have anything to lose by requesting the lower end of the guidelines on petitioner's behalf (70 months as opposed to 87 months). Again, depriving the court of an important opportunity to exercise its discretion.

In sum, counsel's deficient performance is apparent and the prejudice to petitioner obvious where the issue of "alienage" was not raised. Petitioner fully acknowledges that although it cannot be said with certainty that the court would have granted relief had it been requested, given petitioner's LPR status and strong ties to the United States and the significant **17 month** difference between the high and low end of the sentencing guidelines, there is a reasonable probability that relief would have been granted if the request had been made.[3]

## V. CONCLUSION

The writ of Habeas corpus should issue and the petitioner resentenced to allow the court to exercise its discretion on the issues discussed herein.

Respectfully submitted,

_____
Aldin Wilson

---

[3] Judicial notice should be made that petitioner received the highest sentence amongst all of his co-conspirators who were equally liable in the conspiracy.

-7-