UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALDIN WILSON,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO. 03-60707-CIV-DIMITROULEAS
(00-6230-CR-DIMITROULEAS)



FILED by _____ D.C.

MAY 05 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## AMENDED FINAL JUDGMENT AND ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

THIS CAUSE having been heard upon Petitioner's (Wilson) April 2, 2003 Application for Writ of Habeas Corpus[1] [DE-1], and his April 25, 2003 letter with attached denial of certiorari, which the Court construes as a Motion for Rehearing, and the Court having reviewed the court file, and having presided over this cause, finds as follows:

    1. On August 17, 2000, Wilson and five (5) others were indicted and charged with Conspiracy to Import in excess of one hundred (100) kilograms of Marijuana and three other felonies. [CR-DE-37].

    2. On September 22, 2000, Wilson pled guilty to the Conspiracy charge. [CR-DE-98].

    3. On November 9, 2000, Wilson's counsel filed objections to the Pre-Sentence Investigation Report (PSIR), including an objection to a four (4) level enhancement for being an organizer, supervisor or leader of others. [CR-DE-107].

---

[1] Wilson's oath is qualified "to the best of his knowledge, information and belief." There is no oath following the memorandum of law, which contains the factual allegations in the petition. If the petition were otherwise sufficient, the court would have given Wilson an opportunity to verify the facts. In his April 15, 2003 letter to the Court, Wilson could have verified the facts.

4. On December 1, 2000, this Court not only sustained the objection to an enhancement for role in the offense, but also granted a two (2) level reduction for minor role, a six (6) level swing. [CR-DE-123, p. 8]. Wilson was sentenced to the high end of the recommended guidelines range: 87 months in prison.

5. On June 19, 2001, the Eleventh Circuit Court of Appeal affirmed. [CR-DE-163]. <u>U.S. v. Wilson</u>, 264 F. 3d 1147 (11th Cir. 2001). Mandate issued on July 18, 2001. Wilson apparently filed a petition for writ of certiorari in the United States Supreme Court which was denied on April 29, 2002. <u>Wilson v. U.S.</u>, 122 S. Ct. 1794 (2002).

6. On April 2, 2003, Wilson timely filed this Petition for Writ of Habeas Corpus alleging ineffective assistance of trial counsel in not arguing for a downward departure, based upon his status as a deportable alien.

7. This petition is not time-barred in that over one year has not passed between Wilson's conviction becoming final and his filing this collateral attack. 28 U.S.C. 2255.

8. However, Wilson is not entitled to relief.

   A. Wilson's proffered grounds for departure are invalid. <u>U.S. v. Vasquez</u>, 279 F. 3d 77, 80-81 (1st Cir. 2002). Wilson has not alleged a colorable, non-frivolous defense to deportation.[2] <u>U.S. v. Mignott</u>, 184 F. 3d 1288 (11th Cir. 1999). Additionally, counsel's requesting the low end of the guidelines is not a prerequisite for the court's imposing such a sentence. No prejudice has been shown.

---

[2]Some circuits would require the Attorney General's approval. See <u>U.S. v. Gomez-Sotelo</u>. 18 Fed. Appx. 690 (10th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1193 (2002).

2

B. Assuming the Court had discretion to consider a downward departure[3], no extraordinary grounds are alleged. U.S. v. Gallo-Vasquez, 284 F. 3d 780, 784 (7th Cir. 2002). U.S. v. Bautista, 258 F. 3d 602, 607 (7th Cir. 2001); U.S. v. Galvez-Falconi, 174 F. 3d 255 (2d Cir. 1999).

C. Trial counsel was successful in obtaining a significant reduction in Wilson's sentence based upon his role in the offense. U.S. v. Sera, 267 F. 3d 872, 874 (8th Cir. 2001).

D. This court sentenced Wilson at the top end of the guidelines. The Court would not have exercised discretion to grant a downward departure. Having reviewed the PSIR and sentencing transcript, the Court concludes that no prejudice can be shown as the same sentence would have been imposed.

Wherefore, Petitioner's Motion for Re-hearing is Granted, in part; the Writ of Habeas Corpus is Denied.

The Clerk shall deny any pending motions as Moot.

The Clerk shall close this case.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 5 day of May, 2003.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[3] See, U.S. v. Jauregui, 314 F. 3d 961, 963 (8th Cir. 2003).

3

Copies furnished to:

Aldin Wilson, #55421-004
c/o FCI Allenwood (Low)
P.O. Box 1000
White Deer, PA 17887

Bertha Mitrani, AUSA