UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALDIN WILSON,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO. 05-60390-CIV-DIMITROULEAS
(00-6230-CR-DIMITROULEAS)

FILED by _____ D.C.

MAR 17 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## FINAL JUDGMENT AND ORDER DISMISSING SECOND, SUCCESSIVE MOTION TO VACATE

THIS CAUSE having been heard upon Petitioner's (Wilson) unsworn and undated Motion for Second Successive Motion to Vacate[1] [DE-1], and the Court having reviewed the Court file, and having presided over this cause, finds as follows:

1. On August 17, 2000, Wilson and five (5) others were indicted and charged with Conspiracy to Import in excess of one hundred (100) kilograms of Marijuana and three other felonies. [CR-DE-37].

2. On September 22, 2000, Wilson pled guilty to the Conspiracy charge. [CR-DE-98]. The plea agreement indicated that the amount of marijuana involved was 1700 pounds. [CR-DE-99].

3. On November 9, 2000, Wilson's counsel filed objections to the Pre-Sentence Investigation Report (PSIR), including an objection for use of an airplane. [CR-DE-107].

4. On December 1, 2000, this Court sustained one objection to an enhancement for role

---

[1]The Clerk received the motion on March 16, 2005.

1



in the offense, and also granted a two (2) level reduction for minor role, a six (6) level swing. [CR-DE-123, p. 8]. The Court overruled the objection to the use of a private airplane. Wilson was sentenced to the high end of the recommended guidelines range: 87 months in prison.

5. On June 19, 2001, the Eleventh Circuit Court of Appeals affirmed. [CR-DE-163]. U.S. v. Wilson, 264 F. 3d 1147 (11th Cir. 2001). The Eleventh Circuit held that this trial court did not err by enhancing Wilson's sentence under §2.D.1(b)(2)(A), use of a private airplane. Mandate issued on July 18, 2001. Wilson apparently filed a petition for writ of certiorari in the United States Supreme Court which was denied on April 29, 2002. Wilson v. U.S., 122 S. Ct. 1794 (2002). Wilson's conviction became final at that point.

6. On April 2, 2003, Wilson timely filed a Petition for Writ of Habeas Corpus alleging ineffective assistance of trial counsel in not arguing for a downward departure, based upon his status as a deportable alien.

7. On May 5, 2003, the Petition For Writ of Habeas Corpus was Denied. [CR-DE-189].

8. Wilson now seeks permission to file a successive motion to vacate. He contends that enhancements not alleged in the indictment were improperly considered. First, he agreed to the amount of drugs in his plea agreement. Second, Wilson's conviction is now final. The Eleventh Circuit has not given retroactive application to U.S. v. Booker, 125 S. Ct. 738 (2005). Varela v. U.S., 2005 WL 367095 (11th Cir. Feb. 17, 2005). Third, the Court sentenced at the high end of the guidelines range, it is unlikely a lower sentence would be imposed with a different advisory guidelines range.

9. Wilson may not petition the Eleventh Circuit Court of Appeals for permission to file a successive motion. 28 U.S.C. § 2244(b)(3)(A).

Wherefore, Wilson's Petition is Dismissed.

The Clerk shall close this case and deny any pending motions as Moot.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of March, 2005.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Aldin Wilson, #55421-004
c/o FCI Ft. Dix
P.O. Box 7000
Ft. Dix, NJ 08640

Bertha Mitrani, AUSA